**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4221**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

DAMON DEMONT NICHOLSON,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:05-cr-00269-FL-1)

---

Submitted: October 16, 2015        Decided: October 26, 2015

---

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Demont Nicholson appeals the 24-month sentence imposed following the revocation of his supervised release term. On appeal, Nicholson challenges the procedural reasonableness of his sentence, which reflected an upward variance from his policy statement range of 7 to 13 months' imprisonment. Finding no error, plain or otherwise, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439–40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable, employing the same general considerations applied during review of original sentences. Id. at 438. In this initial inquiry, we "take[ ] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). If we find the sentence unreasonable, we must then determine whether it is "plainly" so. Id. at 657.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 policy

2

statements in the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in the supervised release revocation context, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439, and provided sufficient explanation for the sentence imposed, see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The district court's explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." Id.

On appeal, Nicholson asserts that the district court committed reversible procedural error in failing to address his arguments in mitigation and in failing to provide an adequate explanation for the upward variant sentence it imposed. We reject both of these contentions.

First, our review of the record leads us to conclude that the district court sufficiently addressed Nicholson's arguments in mitigation. The district court engaged in an extensive colloquy with Nicholson prior to imposing sentence, during which Nicholson presented—and the court considered—the bases for mitigation that Nicholson contends were not addressed. The court recognized, and expressed concern for, Nicholson's continued poor decision-making and refusal of mental health services and substance abuse treatment, both of which the probation officer had endeavored to obtain for him. These statements demonstrate that the district court rejected

3

Nicholson's contention that his mental health issues should have been afforded greater consideration, because Nicholson had exacerbated the problem by declining to avail himself of offered treatment options.

Nor do we find any procedural error in the district court's justification for the upward variance imposed in this case. The court's statements prior to sentencing Nicholson reflect its view that a sentence within the calculated policy statement range would be insufficient given the facts and circumstances of this case, which established Nicholson's wholesale failure to comply with the requirements of his supervision. Specifically, the court opined that Nicholson's repeated violative conduct—which included using cocaine immediately upon his release from incarceration, repeatedly failing to report for drug testing and to comply with his mental health and substance abuse treatment plans, and absconding from supervision—warranted a substantial deviation from the policy statement range.

It is well settled that the district court's reasons for the selected sentence need not be "couched in the precise language of § 3553(a)," so long as they "can be matched to a factor appropriate for consideration under [§ 3553(a)] and [are] clearly tied to [the defendant's] particular situation." Moulden, 478 F.3d at 658. The court's comments here reveal that its focus was on appropriate sentencing considerations,

4

including the nature and circumstances of the violations, and Nicholson's history and characteristics. <u>See</u> 18 U.S.C. §§ 3553(a)(1), 3583(e). The court also noted its consideration of the relevant policy statements applicable in revocation proceedings. <u>See</u> 18 U.S.C. § 3553(a)(4)(B). Because the district court tethered its decision to impose the statutory maximum sentence to appropriate sentencing factors and the particular circumstances of this case, we conclude that the court's explanation for the selected sentence is sufficient.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>